**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RESTAURANT SERVICES, INC.,<br><br>        Plaintiff,<br>v.<br><br>TYSON FOODS, INC.; TYSON CHICKEN, INC.; TYSON BREEDERS, INC.; TYSON POULTRY, INC.; PILGRIM'S PRIDE CORPORATION; KOCH FOODS, INC.; JCG FOODS OF ALABAMA, LLC; JCG FOODS OF GEORGIA, LLC; KOCH MEAT CO., INC.; SANDERSON FARMS, INC.; SANDERSON FARMS, INC. (FOOD DIVISION); SANDERSON FARMS, INC. (PRODUCTION DIVISION); SANDERSON FARMS, INC. (PROCESSING DIVISION); HOUSE OF RAEFORD FARMS, INC.; MAR-JAC POULTRY, INC.; PERDUE FARMS, INC.; PERDUE FOODS, LLC; WAYNE FARMS, LLC; GEORGE'S, INC.; GEORGE'S FARMS, INC.; SIMMONS FOODS, INC.; SIMMONS PREPARED FOODS, INC.; O.K. FOODS, INC.; O.K. FARMS, INC.; O.K. INDUSTRIES, INC.; PECO FOODS, INC.; HARRISON POULTRY, INC.; FOSTER FARMS, LLC; FOSTER POULTRY FARMS; CLAXTON POULTRY FARMS, INC.; MOUNTAIRE FARMS, INC.; MOUNTAIRE FARMS, LLC; MOUNTAIRE FARMS OF DELAWARE, INC.; AGRI STATS, INC.; AMICK FARMS, LLC; CASE FOODS, INC.; CASE FARMS, LLC; CASE FARMS PROCESSING, INC.; KEYSTONE FOODS LLC; EQUITY GROUP EUFAULA DIVISION, LLC; EQUITY GROUP KENTUCKY DIVISION LLC; and EQUITY GROUP-GEORGIA DIVISION LLC,<br><br>        Defendants. | Case No: 1:21-cv-00268<br><br>**Jury Trial Demanded**<br>(Related to *In re Broiler Chicken Antitrust Litigation – Case No. 1:16-cv-08637*) |

124558886.5

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Restaurant Services, Inc. ("RSI" or "Plaintiff") is a Delaware corporation with its principal place of business in Miami, Florida. RSI serves as the exclusive supply chain management and distribution cooperative for the BURGER KING® system of company-owned and franchisee-owned restaurants in the United States ("BK Restaurants").

2. BURGER KING® is the second largest fast food hamburger chain in the world. As the purchasing agent for BK Restaurants, RSI negotiates contracts and purchases products and distribution services on their behalf. During the relevant time period, RSI contracted with Defendants for the production and supply of Broilers. RSI also utilized distributors to supply BK Restaurants with Broilers purchased on their behalf pursuant to these negotiations and contracts. These distributors include McLane Company, Inc. ("McLane"), Nicholas and Company, Performance Food Group, Inc. ("PFG"), Reinhart Foodservice, LLC ("Reinhart"), Shamrock Foods Company ("Shamrock"), Sygma Network ("Sygma"), Sysco Montana, Inc. ("Sysco Montana"), and Maines Paper & Food Service, Inc., including its wholly-owned subsidiaries, Maines Paper & Food Service - Maryland, Inc., Maines Paper & Food Service - New England, Inc., Maines Paper & Food Service - Ohio, Inc., Maines Paper & Food Service - NY Metro, Inc., Maines Paper & Food Service - Mid-Atlantic, Inc., and Maines Paper & Food Service - Tennessee, Inc. (collectively "Maines"), who have each assigned their claims arising out of these transactions to RSI.

3. RSI brings this action on its own behalf, and as assignee of McLane, Nicholas and Company, PFG, Reinhart, Shamrock, Sygma, Sysco Montana, Maines, and their affiliates (collectively, "Assignors"). The references in this Complaint to "RSI" and/or "Plaintiff" include RSI's Assignors.

4. During the time period relevant to RSI's claims, RSI and/or its Assignors directly purchased Broilers in the United States from Defendants and/or their co-conspirators, and sustained injury and damages as a proximate result of the antitrust violations and other unlawful activities alleged in this Complaint.

5. RSI brings this action for damages under the federal antitrust laws against the defendants identified below, and incorporates by reference Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924, 3922], filed in *In re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637 (N.D. Ill.) on October 23, 2020.[1]

6. RSI joins Section II of the Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924, 3922], adding the following to specify RSI's causes of action and the Defendants and Co-Conspirators in RSI's action.

---

[1] Pursuant to the Court's Orders in *In re Broiler Chicken Antitrust Litig.*, 1:16-cv-08637, the Direct- Action Plaintiffs filed "a consolidated complaint" [ECF Nos. 3778, 3652, 3525] containing "all the allegations the Direct-Action Plaintiffs make against all Defendants" on October 23, 2020 [ECF Nos. 3924, 3922]. In an effort to promote efficiency given the Court's recent reference to similar abbreviated Complaints as helpful to the Court [ECF No. 4139], Plaintiff files this abbreviated pleading that incorporates by reference and adopts the allegations set forth in Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial. If the Court prefers a different form or process, Plaintiff will withdraw this pleading and proceed according to the Court's direction.

124558886.5

| Plaintiff Name | Operative Complaint (Reference is to Sealed Version, if applicable) | Named Defendants (Not Previously Dismissed) | Named Co-Conspirators (if any)[2] | Causes of Action |
|---|---|---|---|---|
| Restaurant Services, Inc. | To Be Determined | Agri Stats; Amick; Case; Claxton; Foster Farms; George's; Harrison; House of Raeford; Keystone Foods; Koch; Mar-Jac; Mountaire Farms; O.K. Foods; Peco; Perdue; Pilgrim's Pride; Sanderson Farms; Simmons; Tyson; Wayne Farms | Allen Harim; Fieldale Farms | Count I (Sherman Act Claim for all Anticompetitive Conduct); Count II (Sherman Act Claim for Output Restriction, Pled in the Alternative to Count I); Count III (Sherman Act Claim for GA Dock Manipulation, Pled in the Alternative to Count I); Count LVII (Sherman Act Claim for Bid Rigging, Pled in the Alternative to Count I) |

7. In addition to the above, RSI adds the following count to Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924, 3922].

## COUNT LVII
## VIOLATION OF 15 USC § 1
## (AGAINST GEORGE'S, KOCH, PERDUE, PILGRIM'S PRIDE, AND TYSON
## FOR BID RIGGING – PLED IN THE ALTERNATIVE TO COUNT I)

8. RSI incorporates by reference and adopts the allegations set forth above, and in Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial [ECF Nos. 3924, 3922], and the allegations in the superseding indictment returned by the grand jury in *United States v. Jayson Jeffrey Penn, et al.*, No. 20-cv-152 (D. Colo.) [ECF No. 101] on October 6, 2020 ("Superseding Indictment").

---

[2] By virtue of Plaintiff previously being a member of the putative class of direct purchasers, Plaintiff was also a member of the settlement class that was certified with respect to Fieldale Farms. While Plaintiff has not named Fieldale as a defendant, Plaintiff nonetheless has named Fieldale as a co-conspirator in order to describe its conduct and contributions to the unlawful conspiracy. Plaintiff timely opted out of the direct purchaser class settlements with Amick, George's, and Peco.

4

124558886.5

9.     RSI was directly and proximately injured by the bid-rigging conduct described in the Superseding Indictment.

10.    Defendants' unlawful contract, combination or conspiracy had the following direct, substantial, and reasonably foreseeable effects on commerce in the United States: (1) prices charged to, and paid by, RSI for chicken were artificially raised, fixed, maintained, or stabilized at supra-competitive levels; (2) RSI was deprived of the benefits of free, open, and unrestricted competition in the United States chicken market; and (3) competition in establishing the prices paid for chicken in the United States was unlawfully restrained, suppressed, or eliminated.

11.    Defendants' above-described anticompetitive activities directly and proximately caused injury to Plaintiff in the United States.

12.    As a direct and proximate result of Defendants' above-described unlawful conduct, RSI paid artificially inflated prices for chicken.

13.    As a direct and proximate result of Defendants' above-described anticompetitive conduct, RSI was damaged in its business or property by paying prices for chicken that were higher than they would have been but for Defendants' unlawful conduct, which has resulted in an amount of ascertainable damages to be established at trial.

14.    Defendants' anticompetitive conduct described in this Complaint constitutes a p*er se* violation of Section of 1 of Sherman Act, 15 U.S.C. § 1.  Defendants' conduct is also unlawful under the Rule of Reason standard of antitrust liability because at all relevant times Defendants possessed significant market power in the market for Broilers and their conduct had actual anticompetitive effects with no or insufficient offsetting pro-competitive justifications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Enter joint and several judgments against all Defendants in favor of Plaintiff;

B.  Award Plaintiff damages in an amount to be determined at trial to the maximum extent allowed under federal antitrust laws, and enter a joint and several judgment in favor of Plaintiff against Defendants in an amount to be trebled to the extent such laws permit;

C.  Award Plaintiff its post-judgment interest as provided by law, with such interest to be awarded at the highest legal rate;

D.  Award Plaintiff its attorneys' fees, litigation expenses, and costs, as provided by law; and

E.  Grant Plaintiff such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: January 15, 2021

By: */s/ David B. Esau*

David B. Esau
Kristin A. Gore
Amanda R. Jesteadt
Stephen A. Cohen
Casey R. McGowan
CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368
desau@carltonfields.com
kgore@carltonfields.com
ajesteadt@carltonfields.com
scohen@carltonfields.com
cmcgowan@calrtonfields.com

124558886.5

Roger S. Kobert (*PHV application to be submitted*)
CARLTON FIELDS, P.A.
Chrysler Building
405 Lexington Avenue, 36th Floor
New York, New York 10174-3699
Tel: (212) 785-2577
Fax: (212) 785-5203
rkobert@carltonfields.com

*Counsel for Plaintiff Restaurant Services, Inc.*

Joseph M. Vanek
Michael G. Dickler
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
Fax: (312) 641-6492
jvanek@sperling-law.com
mdickler@sperling-law.com

*Designated Local Counsel for Plaintiff under N.D. Ill. LR 83.15*